FILED
Oct 25, 2018
01:26 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT CHATTANOOGA

| | | |
|---|---|---|
| Christopher Palmer, | ) | Docket No.: 2018-01-0071 |
| Employee, | ) | |
| v. | ) | |
| SESE Fleet US, LLC | ) | State File No.: 16067-2017 |
| Employer, | ) | |
| And | ) | |
| Wesco Insurance Company, | ) | Judge Thomas Wyatt |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

This matter came before the Court on October 23, 2018, for an Expedited Hearing requested by Christopher Palmer for medical and disability benefits. The parties presented three issues: (1) whether Mr. Palmer's injury arose primarily out of and in the course and scope of his employment with SESE Fleet US, LLC (SESE); (2) whether he injured his neck on the job or while sleeping; and, (3) whether his claim is barred by lack of timely notice. For the reasons below, the Court holds Mr. Palmer did not establish that he would likely prevail at trial in proving by expert medical opinion that his injury arose primarily out of and in the course and scope of employment. Thus, the Court denies his claim for benefits at this time.

### History of Claim

Mr. Palmer worked as a driver for SESE for approximately a year before the date of injury. He explained his job included "dropping" a loaded trailer at a customer's location, which he accomplished by disconnecting an apparatus called a "kingpin" that attached the trailer to the "fifth wheel" hitch of SESE's truck. To do this, he reached his right arm across the trailer's front tires to grasp and pull the kingpin from the fifth wheel.

On February 14, 2017, Mr. Palmer drove a load to Laredo, Texas. He attempted to drop his load, but the kingpin remained in place. He yanked it hard enough that he lost his grip, and his arm continued on without the fifth wheel in hand. Mr. Palmer testified

1

he immediately experienced neck pain and numbness like he "hit his funny bone" down his right arm to his fingers.

Mr. Palmer showered and went to bed in his truck cab. He awoke at approximately 3:30 a.m. in severe pain. He called SESE's dispatcher, Garrick Lin, at approximately 8:00 a.m. Their versions of the conversation differed. Mr. Palmer testified that he told Mr. Lin he awoke in severe pain after injuring himself while pulling the kingpin. Mr. Lin stated by affidavit that Mr. Palmer did not report a work injury but told him he was in pain after "sleeping wrong."[1]

Mr. Palmer told Mr. Lin that he needed immediate treatment and asked Mr. Lin to send his son-in-law, who also worked for SESE, to drive him and the truck back to Tennessee. Mr. Lin did so. While Mr. Palmer was waiting, he saw a chiropractor twice on February 15. The chiropractor referred him to a pain specialist, whom he saw the next day. The pain specialist listed Mr. Palmer's chief complaint as "[c]hronic neck pain with right upper extremity pain" and noted that Mr. Palmer's pain "started over 1 year ago, due to an unknown cause."[2]

Mr. Palmer saw a nurse practitioner immediately after returning home on February 20. He told her he had "sharp neck twinges" for one year that worsened for the past two to three months and "became very painful" a week ago. She ordered an MRI and recommended that he see neurosurgeon Dr. Lee Kern as soon as possible. On March 2, Dr. Kern noted that Mr. Palmer reported a one-year history of neck pain radiating into the right arm with worsening over the past two weeks. He recommended neck surgery for a right C5-6 disk herniation with nerve compression and took Mr. Palmer off work.

Mr. Palmer emailed Mr. Linn at SESE on March 3 stating: "I'm thinking this might be at least partially work related with my neck and shoulder. I'm gonna need [to] file as a workman comp claim. [I] was trying not to because I know the company is not doing so good wright [sic] now." SESE's First Report of Injury included the statement that Mr. Palmer did not "advise anyone in the office" about his injury until March 3.

SESE offered Mr. Palmer a panel from which he selected Physician's Care. According to Physician's Care records, he reported a "work place [sic] injury resulting in neck and right shoulder pain." Mr. Palmer was seen twice before being released on March 10 to return to work with limited right arm use, including a weight restriction of twenty pounds. He was also instructed to see "Dr. Kerin" for surgery.

---

[1] Mr. Palmer's son-in-law testified that Mr. Palmer called on February 14 and told him he injured his neck while pulling the kingpin.

[2] Mr. Palmer testified that he experienced neck stiffness in the past but never needed treatment for it. He claimed he never experienced severe neck pain radiating into his arm until after he pulled the kingpin.

2

SESE's carrier denied Mr. Palmer's claim on March 13 after taking his recorded statement. The carrier based its denial on the grounds that his injury was "not in the course and scope of your employment."

Mr. Palmer underwent a C5-6 discectomy and fusion with instrumentation on April 19. The bills for this surgery remain unpaid. Mr. Palmer seeks an interlocutory award of medical and temporary disability benefits.

**Findings of Fact and Conclusions of Law**

Mr. Palmer need not prove every element of his claim by a preponderance of the evidence to receive relief at an Expedited Hearing. Instead, he must present sufficient evidence showing he would likely prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Tennessee Code Annotated section 50-6-102(14) (2018) provides that a compensable injury is one "arising primarily out of and in the course and scope of employment." Subsection (B) of this section provides that "[a]n injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes."

Subsection 50-6-102(14)(C) provides: "[a work] injury causes death, disablement or the need for medical treatment *only if it has been shown to a reasonable degree of medical certainty* that it contributed more than fifty percent (50%) in causing the death, disablement or the need for medical treatment, considering all causes." (Emphasis added.) Thus, the employee must establish entitlement to requested benefits by a medical opinion. *See Panzarella v. Amazon.com, Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 30, at *17 (May 15, 2017) (medical proof was insufficient to establish compensability when it failed to establish "that the employment contributed more than fifty percent in causing the injury, considering all causes, as the statute plainly requires.").

On review of the evidence, the Court holds that Mr. Palmer will not likely prevail at trial in establishing the compensability of his injury, since a medical opinion establishing causation is lacking. The law is clear that medical evidence of the work-relatedness of an injury is a requisite element of the employee's burden of proof in a workers' compensation claim. Thus, the lack of medical evidence here is fatal to Mr. Palmer's request for medical and/or disability benefits at this time.

As a result, the Court need not address the remaining issues.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Palmer's interlocutory claim for benefits is denied at this time.

2. This matter is set for a Status Hearing on December 13, 2018, at 10:00 a.m. Eastern Time. You must call (615) 741-3061 or toll-free at (855) 747-1721 to participate in the Status Hearing. You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.

**ENTERED October 25, 2018.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits: The Court admitted the following exhibits into evidence and considered them in making its decision unless marked for identification purposes only:

1. Wage Statement
2. First Report of Injury
3. Affidavit of Christopher Palmer
4. Text messages between Mr. Palmer and Garrick Lin at SESE (the Court overruled SESE's objection based on the rule of completion)
5. Affidavit of Garrick Lin
6. Records of Pain Consultants of Texas
7. Records of Battlefield Imaging
8. Records of Dr. Richard Kern
9. Records of Physician's Care
10. Records of CHI Family Practice Associates of Trenton
11. Medical Billing Records and Itemization (marked for identification only after the Court sustained SESE's hearsay objection)
12. Causation questionnaire of Dr. Richard Kern (marked for identification only after the Court sustained Mr. Palmer's objection that the document was late-filed on the day of the hearing)
13. Letter of March 6, 2017, from OccuSure Claims Services to Mr. Palmer
14. Letter of March 13, 2017, from OccuSure Claims Services to Mr. Palmer
15. Choice of Physician Form

Technical record: The Court considered the following in making its decision:

1. Petition for Benefit Determination
2. Employer's Pre-Mediation Position Statement
3. Employee's Response to Employer's Position Statement
4. Employee's Pre-Mediation Position Statement
5. Dispute Certification Notice
6. Request for Expedited Hearing
7. Notice of Expedited Hearing
8. Employer's Expedited Hearing Position Statement

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on October 25, 2018.

| Name | Certified Mail | Via Email | Email Address |
|------|----------------|-----------|---------------|
| Scott Davis<br>Employee Attorney | | X | sdavis@noogalaw.com |
| B. Duane Willis<br>Ryan Sarr<br>Employer Attorneys | | X | dwillis@morganakins.com<br>rsarr@morganakins.com |

PENNY SHRUM, COURT CLERK
wc.courtclerk@tn.gov

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____

**Employee**

v.

_____

**Employer**

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

Judge_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits

☐ Medical benefits for current injury

☐ Medical benefits under prior order issued by the Court

### List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name:_____ SF#:_____ DOI:_____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address:_____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                                                            RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries       $ _____ per month      Telephone      $ _____ per month

Electricity       $ _____ per month      School Supplies $ _____ per month

Water        $ _____ per month      Clothing      $ _____ per month

Gas        $ _____ per month      Child Care      $ _____ per month

Transportation   $ _____ per month      Child Support     $ _____ per month

Car        $_____ per month

Other        $ _____ per month (describe: _____ )

10. Assets:

Automobile       $ _____       (FMV) _____

Checking/Savings Acct. $ _____

House        $ _____       (FMV) _____

Other        $ _____       Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____